IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

JIMMY LEE COLEMAN                                                                                    PLAINTIFF

vs.                                                                        CIVIL ACTION NO. 3:14CV5-SAA

COMMISSIONER OF SOCIAL SECURITY                                                  DEFENDANT

**MEMORANDUM OPINION**

Plaintiff Jimmy Lee Coleman has filed suit under 42 U.S.C. § 405(g) seeking judicial review of the decision of the Commissioner of Social Security denying his applications for a period of disability (POD) and disability insurance benefits (DIB) under Sections 216(I) and 223 of the Social Security Act and for supplemental security income (SSI) payments under Section 1614(a)(3) of the Act. Plaintiff protectively filed an application for benefits on February 23, 2011 alleging disability beginning on May 8, 2009. Docket 10, p. 112. His claim was denied initially on April 12, 2011, and upon reconsideration on June 8, 2011. *Id.* at 56-64. He filed a request for hearing and was represented by counsel at the hearing held on August 16, 2012. *Id.* at 22-52. The Administrative Law Judge (ALJ) issued an unfavorable decision on August 30, 2012, and on November 8, 2013, the Appeals Council denied plaintiff's request for a review. *Id.* at 1-4. Plaintiff timely filed the instant appeal from the ALJ's most recent decision, and it is now ripe for review.

Because both parties have consented to have a magistrate judge conduct all the proceedings in this case as provided in 28 U.S.C. § 636(c), the undersigned has the authority to issue this opinion and the accompanying final judgment.

## I. FACTS

Plaintiff was born on July 26, 1951, has an eleventh grade education and received his GED in the mid 1970s. Docket # 10, p. 28-29, 112. He was sixty-one years old at the time of the hearing. *Id.* at 28. Plaintiff's past relevant work was as a window installer and a truck driver. *Id.* at 29. Plaintiff contends that he became disabled before his application for benefits as a result of migraine headaches, a back injury and wrist pain. *Id.* at 30, 35, 36, 38.

The ALJ noted that although plaintiff had medically determinable impairments, including "a history of fracture of the right distal radial styloid, a history of back disorder, depression, premature ejaculation, and headache" (Docket 10, p. 13), none of these impairments constituted a "severe impairment or combination of impairments" under 20 CFR 404.1521, *et seq.*, or 416.921, *et seq*. *Id.* at 22. The ALJ went on to explain his finding that plaintiff was less than fully credible in describing the intensity, persistence and limiting effects of his claimed symptoms. *Id.* at 24. After evaluating all of the evidence in the record, including testimony of plaintiff, the ALJ held that plaintiff's "physical and mental impairments, considered singly and in combination, do not significantly limit the ability to perform basic work activities." *Id.* at 18. As a result, the ALJ concluded that plaintiff is not disabled under the Social Security Act. *Id.*

Plaintiff claims that the ALJ erred because he did not properly evaluate the severity of plaintiff's impairments, the plaintiff's credibility or the medical opinions in the record from Drs. Clark, Steuer, Coleman and Shearin.

## II. STANDARD OF REVIEW

In determining disability, the Commissioner, through the ALJ, works through a five-step

sequential evaluation process.[1] The burden rests upon plaintiff throughout the first four steps of this five-step process to prove disability, and if plaintiff is successful in sustaining his burden at each of the first four levels, then the burden shifts to the Commissioner at step five.[2] First, plaintiff must prove he is not currently engaged in substantial gainful activity.[3] Second, plaintiff must prove his impairment is "severe" in that it "significantly limits [his] physical or mental ability to do basic work activities . . . ."[4] At step three the ALJ must conclude plaintiff is disabled if he proves that his impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2010).[5] If plaintiff does not meet this burden, at step four he must prove that he is incapable of meeting the physical and mental demands of his past relevant work.[6] At step five, the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that he is capable of performing other work.[7] If the Commissioner proves other work exists which plaintiff can perform, plaintiff is given the chance to prove that he

---

[1] *See* 20 C.F.R. §§ 404.1520, 416.920 (2010).

[2] *Crowley v. Apfel,* 197 F.3d 194, 198 (5th Cir. 1999).

[3] 20 C.F.R. §§ 404.1520(b), 416.920(b) (2010).

[4] 20 C.F.R. §§ 404.1520(c), 416.920(c) (2010).

[5] 20 C.F.R. §§ 404.1520(d), 416.920(d) (2010). If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity." 20 C.F.R. § 416.925 (2003).

[6] 20 C.F.R. §§ 404.1520(e), 416.920(e) (2010).

[7] 20 C.F.R §§ 404.1520(g), 416.920(g) (2010).

cannot, in fact, perform that work.[8]

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence and whether the Commissioner used the correct legal standard. *Crowley v. Apfel,* 197 F.3d 194, 196 (5th Cir. 1999), citing *Austin v. Shalala*, 994 F.2d 1170 (5th Cir. 1993); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). The court has the responsibility to scrutinize the entire record to determine whether the ALJ's decision was supported by substantial evidence and whether the proper legal standards were applied in reviewing the claim. *Ransom v. Heckler*, 715 F.2d 989, 992 (5th Cir. 1983). The court has limited power of review and may not reweigh the evidence or substitute its judgment for that of the Commissioner,[9] even if it finds that the evidence leans against the Commissioner's decision.[10] The Fifth Circuit has held that substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999) (citation omitted). Conflicts in the evidence are for the Commissioner to decide, and if there is substantial evidence to support the decision, it must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court's inquiry is whether the record, as a whole, provides sufficient evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "If supported by substantial evidence, the decision of the

---

[8]*Muse*, 925 F.2d at 789.

[9]*Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

[10]*Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

[Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994), citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971).

### III.  DISCUSSION

Plaintiff contends the ALJ erred by finding all of his impairments to be non-severe. The Commissioner argues to the contrary, but does not address whether the ALJ followed the proper analysis in reaching that conclusion. The ALJ stated:

> "[t]he claimant does not have an impairment or combination of impairments that has significantly limited (or is expected to significantly limit) the ability to perform basic work-related activities for 12 consecutive months; therefore, the claimant does not have a severe impairment or combination of impairments (20 CFR 404.1521 *et seq.* and 416.921 *et seq.*)."

Docket 10, p. 14. In the Fifth Circuit, "[a]n impairment can be considered as not severe only if it is a slight abnormality having such minimal effect on individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985). In addition, the severity determination is to be made based solely on medical factors, not on vocational factors. *See id.* n.4 citing *Lofton v. Schweiker*, 653 F.2d 215, 217 (5th Cir. 1981); 20 C.F.R. 404.1529(d)(1), 416.929(d)(1). "Step two is a threshold inquiry; [o]nly slight trivial impairments that would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience are not severe at this step." *Sheffield v. Commissioner of Social Sec.*, 513 Fed. Appx. 840, 841-42 (11th Cir. 2013). In this Circuit, the step two inquiry is a "*de minimis*" substantive requirement, and it should rarely be used to deny benefits. *Stone v. Heckler*, 752 F.2d at 1106; *Garza v. Heckler*, 771 F.2d 871, 874 (5th Cir. 1985). Although the *Stone* Court stated its intention to require that in the future ALJs must reference the *Stone* standard in opinions, it has

5

since held that a simple failure to reference the standard may be harmless error where a claimant has been unable to show any functional limitations from his medical impairments. *See Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012).

Because concluding an evaluation of a plaintiff's claim at Step Two of the sequential evaluation procedure is unusual, the court has pored over the medical records in this action to satisfy itself that the ALJ's legal analysis was correct and his decision supported by substantial evidence; the court concludes that the decision in fact is not supported by substantial evidence. In making his "non-severity" finding, the ALJ quoted from the regulations rather than specifically quoting the language of *Stone* except, for some reason, in reference to plaintiff's hypertension and premature ejaculation.[11] *Id.* at 16. The ALJ made no mention of *Stone* or the *Stone* standard when he addressed plaintiff's migraine headaches, depression or back pain. Even though the ALJ's failure either to quote from or cite to *Stone,* in and of itself, does not require remand, the court finds problematic that his analysis of the severity factor appears to be based, not upon *medical evidence* as required by *Stone*, but upon his evaluation of the plaintiff's *limitations*.

The ALJ made no mention of plaintiff's treating physicians' opinions regarding his impairments, specifically his headaches and back pain. The only physician the ALJ mentioned in his opinion was the consulting physician, Dr. Robert Shearin, whose opinion was given "little weight" because it was "only partly confirmed by objective findings . . ." Docket 10, p. 17. The Commissioner did not provide Dr. Shearin with any of plaintiff's medical records, so Dr. Shearin

---

[11] Impairments, incidentally, which plaintiff himself does not appear ever to have raised as providing any basis for his claim for benefits.

could not have utilized the "objective findings" such as MRIs or other tests performed to support his opinion. Instead, he had to rely upon the evidence he obtained during the examination. It was inappropriate for the ALJ to discount the examining physician's opinion simply because he did not have the benefit of the records that the ALJ failed to provide to him.

The ALJ repeatedly referred to plaintiff's failure to obtain treatment as evidence that his impairments are not as severe as he asserts. Docket 10, p. 16. As to plaintiff's back pain, the ALJ noted that "the claimant's treatment records document no complaints concerning or treatment for his back problems after July of 2009, while the claimant did seek treatment for a variety of other conditions which indicate that the claimant's back problems have not been persistent."[12] *Id.* at 15. However, the record contains evidence of at least one other visit to the treating physician for continuing back pain in November 2010. *Id.* at 231. In fact, the ALJ used plaintiff's failure to obtain treatment as an explanation for why almost every impairment is not severe without acknowledging plaintiff's testimony that he has not had insurance since 2009 and has been unable to afford treatment.

The medical records clearly indicate that plaintiff was advised to take prescription antidepressants, but advised the physician that he could not afford the prescription. Docket 10, p. 227. Additionally, during the hearing, plaintiff advised the ALJ that he wanted to obtain other treatment, but because he did not have any insurance after 2009, he could not afford the treatment. The court is troubled by the ALJ's failure to consider plaintiff's lack of funds and

---

[12] The only "treatment for a variety of other conditions" during the relevant period to which the ALJ could have been referring was treatment for a broken wrist received in an automobile accident [Docket 10, p. 231-54] – hardly conclusive evidence that plaintiff picked and chose the ailments he wished to see treated.

7

access to medical treatment as a real issue and impediment to remedying his conditions. That plaintiff could not afford treatment and obtained little to no treatment for his claimed impairments after he lost insurance should not be held against him. In the rural area of this district where plaintiff lives, there may be little or no access to free medical treatment. Because the court is remanding the case so that the ALJ can apply the appropriate legal standard at step two, the court will not consider whether the Commissioner's decision on this issue is supported by substantial evidence, though additional, in-depth review of plaintiff's claims is surely warranted upon remand.

## IV.  CONCLUSION

The Commissioner's denial of benefits will be remanded for additional review in accordance with this opinion. A final judgment in accordance with this memorandum opinion will issue this day.

SO ORDERED, this, the 10th day of September, 2014.

 /s/ S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE